McCOTTER *against* HOOKER.

*Common carriers ; evidence ; depositions.*

THIS was an action brought to recover the value of a box of goods shipped at New York, for Chicago, in November, 1847. The defendant was the proprietor of the "Troy and Ohio line," a line of boats engaged in the transportation of goods from New York up the North river, and west.

The box was taken to the office of the "Troy and Ohio line," in New York, and the man having charge of the office went with the plaintiff's agent, who had the box, on board one of the defendant's boats, where the following receipt was given: ·

"Received, New York, Nov. 4, 1847, on old line tow boat Abbott, in good order, one box m'd'se, marked W. W. Danenhower, Chicago, Ill. Care Neely, Lawrence and Co. �References HAVILAND." ·

Haviland was proved, after the receipt had been read,

but not before, to be an agent of the defendant. The reading of the receipt was objected to, and the objection overruled.

Evidence was then offered of conversations between the plaintiff's and the defendant's agents, shortly before the delivery of the box, as to the probability of its reaching Chicago before the close of navigation. This was objected to by the defendant, and the objection overruled.

It was then proved that the box did not reach Chicago until the spring of 1848; and when it arrived it was in a broken condition, and the goods badly damaged. The consignees refused to receive it, and it was brought back to New York. Before its arrival, the plaintiff's agent called on the defendant's agent in New York, and made inquiries with regard to it, and was told that "it must have been delayed on the road somewhere; must have been packed away in some storehouse, and stowed away under other goods and left," and the agent promised to write to the defendant (who resides at Troy) about it. This evidence was objected to, and the objection overruled.

A motion for a nonsuit was denied. The defendant offered to read certain depositions taken by a referee under the act of 1848, before its repeal. This was objected to by the plaintiff's counsel, on the ground that the statute under which the depositions were taken had been repealed, and that there was no statute in force authorizing them to be read. The objection was sustained, and the depositions excluded. The plaintiff obtained judgment.

The Court of Appeals affirmed the judgment, holding that the several rulings which were excepted to were correct. That the proof of the agency of Haviland, after the receipt was read, cured any error there might have been in the previous admission.

(S. C., 8 N. Y. 497.)